## BONIME v. KRAUSE.
### No. 246, Docket 20565.

Circuit Court of Appeals, Second Circuit.

May 28, 1947.

Herman G. Robbins, of Brooklyn, for appellant.

Montrose H. Massler and Albert Gins, both of New York City, for appellee.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

The bankrupt argues that he has become entitled to hold his original interest in his father's estate against the trustee, because after he had assigned it for a consideration to his sister, she in effect reassigned it to him. That would indeed be an issue which, as between the trustee and himself, the bankruptcy court could decide. The difficulty is that any order, which it might make, would conclude, neither the bankrupt's sister, nor anyone else interested in the estate of the bankrupt's father. In the Surrogate's Court, on the other hand, all interested parties can be joined, and the rights of all can be finally adjudicated. That is obviously the proper forum, and the trustee must be left free and should assert his rights there with all speed that he can, for the matter has been too long delayed.

Judge Campbell's order of May 28, 1942, only forbad the father's executor to distribute the estate until the bankrupt's interest had been determined in the bankruptcy proceeding. That does not prevent the trustee from pressing for a decree in the Surrogate's Court, with which he can return to the bankruptcy court and get its "determination." The order does not prescribe how the bankruptcy court shall determine the bankrupt's interest; one way would be by an estoppel. If the order meant more than this it was certainly inadvertent, and may be regarded as modified by the order now on appeal.

Order affirmed.